## THE BLOCKING OF STREETS BY RAILWAY TRAINS.

Circuit Court of Summit County.

CITY OF AKRON v. H. H. TEMPLE.

Decided, April Term, 1909.

*Cars Standing at Crossing—Authority to Adopt Ordinance Regulating—Evidence—Parol Evidence as to Operating Under a Written Contract Receivable—Common Pleas Court Reviewing Conviction Before Mayor, to Remand Cause for Further Proceedings.*

1. The superintendent of a division of a railroad having testified in a prosecution for violation of an ordinance regulating the time a train may be permitted to stand across a street crossing, that his railroad had nothing to do with the operation of trains on the division where the crossing existed, it is error to refuse to consider his evidence to that effect when it subsequently develops in the trial that the traffic agreement with another railroad regulating control of trains at the place in question was in writing.

2. Upon reversal by the Common Pleas Court of a judgment of conviction for violation of a municipal ordinance in a mayor's court, the cause should be remanded to the mayor's court for further proceedings, unless the ordinance in question is invalid, or no offense was charged in the affidavit.

3. A municipal corporation has authority to pass an ordinance regulating the time railroad trains may be permitted to stand across street crossings.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

H. H. Temple is the superintendent of the Newcastle division of the B. & O. R. R. Co., extending from Newcastle, Pa., to and through Akron, Summit county, Ohio, to Chicago Junction, Ohio. He was arrested for violating an ordinance of the city of Akron which makes it a misdemeanor to permit a train of cars to stand or remain more than five minutes on any street or alley of said city where a railroad crosses such street or alley at grade, was tried by the mayor of said city and convicted. On error to the common pleas court said court reversed the judgment of the mayor's court and discharged the accused. The case has been

brought here on error for a review of said judgment of reversal. Of course, if there was any error in the trial of the accused, by the mayor, prejudicial to his rights, said judgment of reversal must be affirmed.

We think there was at least one serious error committed by the mayor in his rulings on the admissibility of evidence.

J. T. Johnson, superintendent of the Cleveland division of the B. & O. railroad, was offered as a witness by the prosecution and upon cross-examination testified, over the objection of the prosecution, that the B. & O. railroad had no supervision over the movement of trains upon that part of its Newcastle division which lies between Akron Junction and Warwick, including the tracks where the train had been permitted to stand, but that the C., A. & C. R. R. Co. directed the movement of all trains over said portion of the tracks under an agreement between the two railroad companies. Upon re-direct examination it was brought out that the agreement referred to was in writing, whereupon the prosecution requested that the testimony of the witness relating to the movement of trains between Akron Junction and Warwick be disregarded, because the written document was the best evidence. This motion was granted and thereby the accused was prejudiced in his rights.

The question was, who actually had supervision of the trains at the point in question. Whether the right to supervision was dependent upon a written agreement or not, made no difference. It was for the prosecution to establish that Temple had control over the movement of the train complained of which blocked the street. Its own witness testified that he did not; it was immaterial that it subsequently developed that the reason he had no control at that point was because of a written agreement with some other railroad whereby the other road had said control. The question was what was done under contract, not what the terms of the contract might be. The accused offered competent evidence to prove that he had nothing to do directly or indirectly with the movement of the train in question at the time and place complained of. By the rejection of this evidence his rights were seriously prejudiced. Had this evidence been considered, no

judgment against him could stand. For this reason, if for no other, the judgment of the mayor was properly reversed.

But upon reversal of the cause, the common pleas court should have remanded the case to the mayor's court for further proceedings, unless it was found that the ordinance was invalid or no offense was charged in the affidavit. Upon this point we hold that a municipal corporation has authority to pass ordinances upon the subject in question by virtue of Section 1536-131, Revised Statutes, which imposes upon the council of a municipality the care, supervision and control of public highways, streets, etc., within the corporation, with directions that it shall cause the same to be kept open and in repair and free from nuisance.

The ordinance in question not being set forth in the bill of exceptions, we must assume that it conformed to the authority thus given and the affidavit we find charges an offense within the intendment of a valid ordinance upon the subject. It was error, therefore, to discharge the accused. The judgment of reversal is affirmed, but the order discharging the accused is reversed and the cause is remanded to the court of common pleas for further proceedings.